# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **STEVE H. HERRINGTON,** <br> **TDCJ # 01123391,** <br><br> Petitioner <br><br> v. <br><br> **RICK THALER,** <br> **Texas Department of Criminal Justice** <br> **Institutional Division Director,** <br><br> Respondent | § § § § § § § § § § § § § § § | Civil Action <br> No. SA-11-CA-526-OG |

## S H O W   C A U S E   O R D E R

Petitioner Steve H. Herrington's 28 U.S.C. § 2254 Habeas Corpus Petition challenges his 2002 Bexar County convictions for aggravated sexual assault of a child and indecency with a child in *State v. Herrington*, No.2001-CR-7099 (Tex. 290th Jud. Dist. Ct., *jmt. entered* Aug. 8, 2002). Herrington's convictions were affirmed. *Herrington v. State*, No. 4-2-600-CR (Tex. 4th Ct. Apps., Oct. 8, 2003). His petitions for discretionary review were refused by the Texas Court of Criminal Appeals on June 30 and August 11, 2004. His State habeas corpus application, filed July 22, 2010, was denied on November 3, 2010. *Ex parte Herrington*, No. 74, 827-1.

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Title 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Herrington's conviction became final November 9, 2004, ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and when the time for filing a petition

for writ of certiorari to the U.S. Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").  There was a six year and seven month interval between the time his conviction became final and the filing of his federal Petition on June 9, 2011, and therefore Herrrington's federal Petition is apparently barred by limitations.  *See* 28 U.S.C. § 2244(d)(1)(D).  Herrington's State habeas corpus application was filed after the federal statute of limitations expired and thus had no tolling effect.  *See* 28 U.S.C. § 2244(d)(2).

Furthermore, if Petitioner Herrington wishes to proceed with his Petition he will have to file an amended petition clarifying his claims.  Herrington filed a § 2254 Petition and a memorandum in support stating different claims.

**Therefore within twenty-one (21) days Petitioner Herrington is directed to file his amended petition and show cause why his federal Petition should not be dismissed as barred by limitations**.  If Petitioner fails to respond to this Order, his Petition may also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b).  *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on July 1, 2011.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE